IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTHEW KOWALEWSKI, *et al.*, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-00105-N |
| | § | |
| SELECT PORTFOLIO SERVICING INC., *et al.*, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Defendants' Select Portfolio Servicing and Wilmington Savings Fund Society, FSB, Not In Its Individual Capacity But Soley As Trustee of Homes 2023-NQM2 Trust ("the Trust") motion to dismiss [7] Plaintiffs Matthew Kowalewski and Callyn Kowalewski's claims against them. For the reasons below, the Court grants the motion.

## I. Origins of the Motion

This case arises out of an attempted foreclosure sale. In September of 2022, the Kowalewskis purchased a piece of real property located at 3534 Orchard Ridge Court, Dallas, Texas 75229. Def.'s Mot. Dismiss 1 [7]. In conjunction with their purchase, they executed a deed of trust with Mortgage Electronic Registration Systems, Inc. ("MERS") as a beneficiary. *Id.* MERS then assigned the deed to the Trust. *Id.* at 2. The Kowalewskis later defaulted. *Id.* On December 31, 2025, the Kowalewskis sued Defendants in state district court. *Id.* They alleged violations of Texas Debt Collection Act ("TDCA") and

Texas Deceptive Trade Practices Act ("DTPA") and sought injunctive relief preventing foreclosure sale. *Id.* On January 14, 2026, Defendants removed the state court action to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441. *Id.* Defendants now move to dismiss all of the Kowalewski's claims. *Id.* The Kowalewskis have not responded to the motion to dismiss.

## II. RULE 12(C) LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation and internal quotation marks omitted). The Court may also consider documents attached to the complaint. *See Voest Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n.4 (5th Cir. 1998). The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). Courts "may take into account documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.,* 540 F. App'x 408, 409 (5th Cir. 2013) (unpublished).

## III. THE COURT GRANTS THE MOTION TO DISMISS

Upon reviewing the facts pleaded in the Kowalewski's complaint, the Court finds that they have not provided sufficient facts to raise plausible claims for violations of section 392.304(a)(8) of TDCA and DTPA. Accordingly, the Court grants Defendants' motion to dismiss.

### *A. The Kowalewskis Have Not Pleaded Sufficient Facts to Support Their Section 392.304(a) Claim*

The Kowalewskis allege that Defendants violated Texas Finance Code section 392.304(a)(8) by "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." TEX. FIN. CODE § 392.304(a)(8) (2004). Pl.'s Original Pet. ¶ 12–13 [1-2]; Def.'s Mot. Dismiss 3. To state a claim under section 392.304(a)(8) of TDCA, a plaintiff must plausibly allege that a defendant made a misrepresentation that led the plaintiff to be unaware "that

he or she had a mortgage debt of the specific amount owned, or that he or she had defaulted." *Smither v. Ditech Fin., LLC*, 681 F. App'x 347, 355 (5th Cir. 2017) (unpublished).

The only conduct that the Kowalewskis allege in support of this claim is that they requested a reinstatement from Defendants but received back only "inconsistent reinstatements" of varying amounts. Pl.'s Original Pet. ¶ 13 [1-2]. The Kowalewskis have provided no additional facts to support their claim beyond this allegation. That is, no facts indicate that they were unaware of the existence of the mortgage itself or of their default. *See Rucker v. Bank of America, N.A.*, 806 F.3d 828, 833 (5th Cir. 2015) (denying a section 392.304(a)(8) claim where plaintiff failed to show that she was unaware of the mortgage debt or default after receiving letters stating she owed different amounts). Thus, because the Kowalewskis fail to plead factual allegations making the section 392.304(a)(8) plausible, the Court dismisses this claim.

### *B. The Kowalewskis Have Not Pleaded Adequate Facts to Support Their DTPA Claim*

The Kowalewskis allege that the Defendants' conduct also violated DTPA. Pl.'s Original Pet. ¶ 14–16 [1-2]. First, they allege that they qualify as "consumers" under DTPA because they purchased property with loan monies extended by the Defendant, and this loan was wrongfully serviced. *Id.* at ¶ 14–15. They then allege that Defendants engaged in "false, misleading, deceptive, or unconscionable acts" by "failing to provide a payoff and/or reinstatement calculation." *Id.* at 16. The Court finds that the Kowalewski's claim

fails because they have not plead sufficient facts to show that they qualify as "consumers" under DTPA.

To establish a DTPA claim, the plaintiff must show that "(1) the plaintiff is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts; and (3) these acts constituted a producing cause of the consumer's damages." *In re Fazin*, 732 F.3d 313, 323 (5th Cir. 2013) (citing *Hugh Symons Grp., plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002)) (citation omitted). A "consumer" is an individual who seeks or acquires goods or services by purchase or lease. TEX. BUS. & COM. CODE § 17.45(4) (2019). "A mortgagor qualifies as a consumer under the DTPA if his or her primary objective in obtaining the loan was to acquire a good or service, and that good or service forms the basis of the complaint." *Payne v. Wells Fargo Bank Nat. Ass'n*, 637 F. App'x. 833, 837 (5th Cir. 2016) (refusing to find consumer status where DTPA claim was premised entirely on Wells Fargo's lending activities post-purchase) (quoting *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 725 (5th Cir. 2013)). Whether plaintiffs qualify as "consumers" is a question of law for the court to decide. *See Olufemi-Jones v. Bank of America, N.A.*, 2013 WL 1482544, at *2 (N.D. Tex. 2013); *Broyles v. Chase Home Fin.*, 2011 WL 1428907, at *3 (N.D. Tex. 2011).

"A person who seeks only to borrow money is not a consumer under the DTPA because lending of money, without more, does not involve a good or service." *Olufemi-Jones*, 2013 WL 1482544, at *2; *see La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 566 (Tex. 1984). "Likewise, the servicing of an existing loan and the request to modify an existing loan do not involve a good or service." *Ayers v. Aurora Loan*

*Servs. LLC*, 787 F. Supp. 2d 451, 455 (E.D. Tex. 2011). Thus, where the basis of a plaintiff's alleged DTPA claim is defendants' improper foreclosure of a loan under a deed of trust, without any complaint about the property itself, a plaintiff will not be deemed a consumer. *See Olufemi-Jones*, 2013 WL 1482544, at *2.

Here, the basis of the Kowalewski's DTPA claim is whether receipt of inconsistent reinstatement figures constitute improper servicing of their existing loan. They allege no complaints regarding the property itself. In fact, the Kowalewskis specifically state that "the loan being wrongfully *serviced* is the crux of the issue and the basis of" the complaint. Pl.'s Original Pet. ¶ 15 [1-2] (emphasis added). Because mere servicing of a loan does not establish consumer status, the Kowalewskis cannot plausibly allege a claim under DTPA. Accordingly, the Court dismisses this claim.

## CONCLUSION

Because the Kowalewskis have failed to state a claim for which relief can be granted, the Court grants Defendants' motion to dismiss all claims. The Court additionally dismisses the Kowalewski's request for injunctive relief because they have failed to plead a viable underlying cause of action. The Kowalewskis have not sought leave to amend in response to the present motion to dismiss. Accordingly, the Court finds that no leave is granted and dismisses their claims with prejudice.

Signed September 9, 2026.

David C. Godbey
Senior United States District Judge